```
        IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

WRIGHT MANUFACTURING, INC.     :
                               :
v.                             :   Civil No. WMN-06-2770
                               :
EXCEL INDUSTRIES, INC. et al.  :
                               :

### MEMORANDUM

Before the Court are separate motions filed by Defendants Briggs & Stratton Corporation (Briggs), and Simplicity Manufacturing, Inc. (Simplicity), to be dismissed from this action or, in the alternative, to be severed and transferred because of improper joinder. Papers No. 60, 61. Also before the Court are separate motions for a more definite statement filed by both Briggs and Simplicity. Papers No. 62, 63.[1] Plaintiff, Wright Manufacturing, Inc. (Wright), has opposed each motion and each is now ripe for review. Upon a review of the motions and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Briggs' motion for a more definite statement will be granted in part and denied in part, Simplicity's motion for a more definite statement will be granted in part and denied in part, and that all other motions will be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Additionally, Plaintiff has filed a motion for leave to file a surreply with respect to Defendants' motions to dismiss. Paper No. 84. Briggs has opposed that motion and Plaintiff has replied to the opposition. Papers No. 85, 86. Due to the Court's partial grant of Briggs' and Simplicity's motions for a more definite statement, Plaintiff's motion for leave to file a surreply will be denied as moot.

Wright initially filed this patent infringement action on October 20, 2006, alleging the Defendant Excel Industries, Inc. was infringing three of Wright's U.S. Patents: No. 6,912,831 (<u>Power Mower With Pump Lock-Out System</u>), No. 6,550,563 (<u>Power Mower with Riding Platform for Supporting Standing Operator During Operation</u>), and No. 5,984,031 (<u>Power Mower with Riding Platform for Supporting Standing Operator During Operation</u>).  On December 8, 2006, Wright amended its complaint to include, among others, Briggs and Simplicity as defendants.  For each patent, Wright alleges that "Briggs and Simplicity have been and still are infringing . . . under at least 35 U.S.C. § 271 by at least selling, advertising, promoting, offering to sell, making and/or using mowers in the United States, exemplified by, but not limited to, so-called Simplicity mowers (e.g., including but not limited to Simplicity Javelin mowers)[.]"  Am. Compl. ¶¶ 20, 31, 42.

In its motion for a more definite statement, Briggs argues that the Complaint fails to specify whether it has been accused as a direct infringer or whether its alleged liability stems solely from its parent-subsidiary relationship with Simplicity. Likewise, Simplicity argues that it is entitled to be notified as to whether it is being accused of infringement for non-Simplicity products.  Additionally, both Briggs and Simplicity argue that Wright has failed to specify whether it intends to assert liability resulting from acts of contributory or induced infringement in violation of 35 U.S.C. § 271(b-c).

2

**DISCUSSION**

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ."  Fed. R. Civ. P. 12(e).  This rule complements Rule 8(a), which requires the Complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Together, these rules are designed to ensure that the defendant is provided as much information as is required to frame a responsive pleading.  5C Charles Alan Wright & Arthur R. Milller, Federal Practice and Procedure § 1377 (3d ed. 2004).

**A. Direct Liability**

In a patent infringement action alleging direct infringement, Rule 12(e) relief may be appropriate where the Complaint fails to identify any allegedly infringing product. See, e.g., Bay Indus., Inc. v. Tru-Arx Mfg., LLC, No. 06-C-1010, 2006 WL 3469599, at *2 (E.D. Wis. Nov. 29, 2006) (requiring a more definite statement where the complaint failed to identify any infringing product or to set forth a limiting parameter); eSoft, Inc. v. Astaro Corp., No. 06-cv-00441-REB-MEH, 2006 WL 2164454, at *2 (D. Colo. July 31, 2006) (finding that a defendant "cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused").  In a patent action alleging

3

liability based on a parent-subsidiary relationship, the plaintiff must allege facts sufficient to justify disregarding the corporate structure.  See Manchak v. Rollins Envt'l Servs., No. 96-37, 1996 WL 790100, at *3 (D. Del. Dec. 18, 1996) (citing A. Stucki Co. v. Worthington Indus., Inc., 849 F.2d 593, 597 (Fed. Cir. 1988)).

Here, both Briggs and Simplicity allege entitlement to a more definite statement because the Complaint fails to clearly state whether Briggs is accused of direct infringement or whether the claimed infringement is solely a result of the parent-subsidiary relationship between Briggs and Simplicity.  Wright does not dispute that Briggs and Simplicity are separate corporate entities, noting only that Simplicity is "wholly owned by Briggs."  See Am. Compl. ¶ 5.  Wright, however, identifies only the "Simplicity Javelin" as an example of an allegedly infringing product.  Id. at ¶¶ 20, 31, 42.  Wright fails to identify a product manufactured directly by Briggs that allegedly infringes the patents-in-suit.  Thus, if Wright is alleging direct liability against Briggs, Wright would be required to provide an example of an allegedly infringing Briggs product. See Bay Indus., Inc., No. 06-C-1010, 2006 WL 3469599, at *2. Additionally, the Complaint fails to allege any facts which would compel the Court to disregard the corporate relationship between Briggs and Simplicity.[2]  Therefore, if Wright's allegations

---

[2] In its responsive pleadings, Wright argues generally that "it is well known a parent company can be liable for the actions of its subsidiary."  Opp'n to Mots. for More Definite Statement

4

against Briggs arise out of Briggs' parental relationship to Simplicity, Briggs also would be entitled to a more definite statement offering facts which might justify subsidiary liability.  See Manchak, No. 96-37, 1996 WL 790100, at *3.

**B.  Inducement and Contributory Infringement**

Under 35 U.S.C. § 271, a company may be liable for patent infringement under one of three theories: direct infringement, inducing infringement, and/or contributory infringement.[3]  Direct infringement occurs where a company makes, uses or sells a product in violation of plaintiff's patent rights.  35 U.S.C. § 271(a).  "Inducement occurs by 'actively and knowingly aiding and

---

5; but see In re Am. Honda Motor Co., Inc. Dealerships Relations Litig., 958 F.Supp. 1045, 1050 (D. Md. 1997) ("Generalized and vague pleadings cannot be allowed to circumvent the statutes and common-law rules that protect corporate separateness.").

 [3] Section 271 provides:
  (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
  (b) Whoever actively induces infringement of a patent shall be liable as an infringer.
  (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.
35 U.S.C. § 271(a-c).

Case 1:06-cv-02770-WMN   Document 87   Filed 03/27/07   Page 6 of 7

abetting another's direct infringement.'"  Manchak, No. 96-37, 1996 WL 790100, at *2 (quoting Water Tech. Corp. v. Calco, Ltd., 850 F.2d 660, 668 (Fed. Cir. 1988)).  Contributory infringement occurs where a company intentionally sells a material component of a patented invention, "knowing that the component was especially adapted for use in the infringement of the patentee's rights and not 'a staple article or commodity . . . suitable for substantial noninfringing use . . . .'" Id. (quoting 35 U.S.C. § 271(c)).

Briggs and Simplicity each argue that Wright has failed to clearly state whether it intends to assert causes of action for inducement to infringe or contributory infringement under 35 U.S.C. § 271(b-c).  Wright argues that its general reference to 35 U.S.C. § 271 constitutes sufficient notification of its legal theory and that references to the particular subsections of § 271 is not required to state a claim of patent infringement.

The Court finds that, at this stage of the litigation, general reference to 35 U.S.C. § 271 sufficiently states a claim for patent infringement.  See Home & Nature Inc. v. Sherman Specialty Co., Inc., 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (denying a Rule 12(e) motion and noting that "the plaintiff sufficiently identifies the specific section of the patent law invoked as 35 U.S.C. § 271").  A Rule 12(e) motion which attempts to "tie the pleader down to a specific theory of the case will be rejected as contrary to the philosophy of the federal rules[.]" 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure at § 1377.  Thus, Plaintiff will not be required to identify its legal theories with regard to potential violations of the subsections of § 271.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motions for a More Definite Statement will be granted in part and denied in part. In accordance with the pleading requirements discussed above, Wright will be required to amend its Complaint to provide a more definite statement as to whether it alleges direct liability or subsidiary liability against Briggs.  Defendants' Motions to be Dismissed or, in the Alternative, to be Severed and Transferred Because of Improper Joinder will be denied.  The Court will reconsider those motions if Defendants choose to resubmit them following receipt of Plaintiff's newly amended Complaint.  A separate order consistent with the reasoning of this Memorandum will follow.

                                                                  _____/s/_____
                                                  William M. Nickerson
                                                  Senior United States District Judge

Dated: March 27, 2007