```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND


WRIGHT MANUFACTURING, INC.      :
                                :
v.                              :  Civil No. WMN-06-2770
                                :
EXCEL INDUSTRIES, INC. et al.   :
                                :
```

**MEMORANDUM**

Before the Court is Plaintiff's Motion for Leave to Amend the Complaint, Paper No. 89, and separate Renewed Motions to Dismiss or, in the Alternative, to Sever and Transfer, filed by Defendants Briggs & Stratton Corporation (Briggs) and Simplicity Manufacturing, Inc. (Simplicity).  Papers No. 92, 93.  Upon a review of the motions and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6), and that Wright's motion for leave to amend will be granted and that Briggs' and Simplicity's motions to dismiss will be denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

In this patent infringement action, Wright alleges that Defendants infringe three of Wright's U.S. Patents: No. 6,912,831 (Power Mower With Pump Lock-Out System), No. 6,550,563 (Power Mower with Riding Platform for Supporting Standing Operator During Operation), and No. 5,984,031 (Power Mower with Riding Platform for Supporting Standing Operator During Operation).  On March 27, 2007, this Court granted, in part, separate motions of Briggs and Simplicity requesting a more definite statement in the Complaint, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Specifically, the Court held that Wright's Complaint

failed to specify whether Briggs had been accused as a direct infringer or whether its alleged liability stemmed solely from its parent-subsidiary relationship with Simplicity.

In response to that opinion, Wright now requests leave to file its Second Amended Complaint for Patent Infringement.  Both Briggs and Simplicity oppose Wright's request, arguing that, because they are entitled to dismissal or severance from the action, leave to amend would be futile.  Briggs and Simplicity base their dismissal argument on the contention that Wright improperly joined them as parties, making dismissal appropriate pursuant to Rule 21 of the Federal Rules of Civil Procedure.

## II.  DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Refusal of such leave, without a justifying reason, is not only an abuse of discretion, but is "inconsistent with the spirit of the Federal Rules."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Denial of leave to amend should occur "_only_ _when_ the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (emphasis in original).

In determining whether amendment of the complaint would result in prejudice to the opposing party, the Court will examine

2

the facts of the case and balance the hardship to the moving party if leave is denied against the injustice resulting to the party opposing the motion if leave is granted.  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990).  Determinations of futility under Rule 15(a) are governed by the standard for motions to dismiss. Classen Immunotherapies, Inc. v. King Pharms., Inc., 403 F. Supp. 2d 451, 459 (D. Md. 2005).  Thus, if the new allegations of the proposed second amended complaint fail to state a claim upon which relief can be granted under Rule 12(b)(6), Wright's motion for leave to amend would be denied.  Id.

In their oppositions to Wright's motion to amend, and again in their motions to dismiss or sever, Briggs and Simplicity each argue that Wright failed to satisfy the joinder requirements provided in Rule 20 of the Federal Rules of Civil Procedure when it first joined Briggs and Simplicity as parties to this action in the First Amended Complaint.  Rule 20 provides, in relevant part, that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a); see also Lanier Bus. Prods. v. Graymar Co., 342 F. Supp. 1200, 1202 (D. Md. 1972) (noting that the "requirements for permissive joinder as set out in Rule 20(a) are two-fold: (1) the

3

rights asserted, whether joint, several or in the alternative, must arise out of the same transactions or occurrences; and (2) there must be a common question of law or fact relating to all parties that will arise in the action").  The rule is designed "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001); see also Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007).

Briggs and Simplicity now argue that, though no longer indefinite, the Proposed Second Amended Complaint continues to violate the joinder requirements of Rule 20.  As a result of this violation, both Briggs and Simplicity allege entitlement to dismissal or severance from this action, making amendment of the Complaint futile.[1]  Briggs and Simplicity do not contest that common questions of law or fact exist among the named Defendants, particularly with respect to the scope and construction of the patents in suit.  Rather, they contend that allegations of patent infringement against unrelated defendants cannot satisfy the common transaction or occurrence requirement of Rule 20(a).  In

---

[1] Both Briggs and Simplicity request they be dismissed or severed as parties to this action under Rule 21, which provides that "[m]isjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately."  Fed. R. Civ. P. 21.

4

support of this conclusion, Briggs and Simplicity rely on the logic of several district courts which have held joinder to be improper where allegations of infringement are offered to serve as the plaintiff's common occurrence.  See, e.g., Philips Elecs. N. Am. Corp. v. Contec Corp., 220 F.R.D. 415, 417 (D. Del. 2004); Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003); Androphy v. Smith & Nephew, Inc., 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998); New Jersey Machine, Inc. v. Alford Indus., Inc., No. 89-1879, 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991); Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 564 F. Supp. 1358, 1371 (D. Del. 1983).

    This Court finds, however, that sufficient common transactions or occurrences are present to warrant the joinder of Briggs and Simplicity as defendants at this stage in the litigation.  Several district courts addressing the propriety of the joinder of multiple defendants in a patent infringement action have held that, particularly for discovery and motions purposes, where the products or methods alleged to be infringing are substantially similar, proceeding with the litigation in a single suit better effectuates the goals of efficiency and convenience which Rule 20(a) is designed to promote.  See, e.g., Sprint Commc'ns Co. v. Theglobe.com, 233 F.R.D. 615, 617 (D. Kan. 2006); SRI Int'l, Inc. v. Internet Sec. Sys., Inc., No. CIV 04-1199-SLR, 2005 WL 851126, at *4 (D. Del. April 13, 2005); Mymail, Ltd. v. America Online, Inc., 223 F.R.D. 455, 457 (E.D. Tex.

2004).[2] In arriving at this conclusion, these courts have noted that the term "transaction," as used in Rule 20(a), is a "word of flexible meaning . . . [i]t may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Sprint Commc'ns Co., 233 F.R.D. at 617 (quoting Directv, Inc. v. Barrett, 220 F.R.D. 630, 631 (D. Kan. 2004)); see also 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653 (noting that "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony

---

[2] The Mymail Court addressed several of the cases relied upon by Briggs and Simplicity and found their holdings were not incompatible with its holding. 223 F.R.D. at 457. The Court noted:
> "Paine, Webber and Androphy state that infringement allegations against unrelated parties based on different products or different acts do not arise from the same transaction. From this language and the fact recitations, it is unclear whether the courts mean the alleged acts of infringement are 'different' because they are separate acts or because they are dissimilar. The court in New Jersey Machine Inc. recognizes this distinction. That court states that 'the allegedly infringing machines are separate and distinct.' The court goes on to hold that the acts of infringement do not arise from the same transaction because the plaintiffs have not shown that the second defendant's infringement acts are connected to the first defendant's nor that the machines at issue are similar. More significant to the court . . . is whether the plaintiff alleges any connection or substantial similarity between the machines at issue. The court . . . also comments that joinder 'would be inappropriate at this late stage of the litigation.' Similarly, the decision in Philips to sever was made after fact discovery was complete."

Id. (internal citations omitted and emphasis added).

indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court").

Here, Wright has alleged that the mowers of the joined Defendants have the same infringing feature and that they infringe the same asserted patents. These allegations confirm the likelihood that the Court will be faced with similar defenses and overlapping evidence. The Court will likely be required to construe the contested terms of the patents in suit pretrial pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370, 390-91 (1996). Permitting joinder provides the Court with a singular opportunity to perform a Markman construction, thereby reducing the potential for inconsistent interpretation. Mymail, 223 F.R.D. at 458. Additionally, testimony of the inventors of the patents in suit and of Wright's experts will likely be required by each Defendant. See Sprint Commc'ns Co., 233 F.R.D. at 617 (noting that "witnesses should not be deposed more than once on identical issues"). Joinder would promote economy of discovery on behalf of all parties. Thus, the Court finds that, at this stage in the litigation where the record remains undeveloped, joinder of Briggs and Simplicity as Defendants is appropriate under Rule 20(a).

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend the Complaint will be granted. The separate Renewed Motions to Dismiss or, in the Alternative, to Sever and Transfer,

filed by Briggs and Simplicity will be denied.  A separate order consistent with the reasoning of this Memorandum will follow.

```
                            _____/s/_____
                            William M. Nickerson
                            Senior United States District Judge
```

Dated: July 9, 2007